ORIGINAL **SEALED**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. |
| v. | **3-22CR0390-S** |
| JOSEPH GARZA | **FILED UNDER SEAL** |

INDICTMENT

The Grand Jury charges:

At all times material to this Indictment:

INTRODUCTION

1. From 2012 to 2021, the exact dates being unknown to the Grand Jury, defendant **Joseph Garza**, within the Northern District of Texas and elsewhere, engaged in a scheme to defraud the United States through the promotion, use, and facilitation of a fraudulent tax shelter that allowed wealthy individuals (clients) to illegally reduce taxes on substantial amounts of business income.

2. At the direction of **Garza** and others, clients, mainly high-net-worth business owners, used the tax shelter to create a circular flow of funds to illegally reduce paying taxes. To effect the circular flow of funds, **Garza** and others created shell companies, including a shell "Services" company and a shell "Investments" company. The only purpose of the "Services" and "Investments" companies was to fraudulently move money—concealing the real purpose of the movement—before returning the funds to the clients, untaxed, for their own personal use. **Garza** and others further concealed the circular flow of funds by manufacturing fake invoices for false business expenses,

commissioning fake business valuation reports, and creating sham contractual agreements.

3. **Garza** directed clients to use hand-picked CPAs and other tax professionals who aided and assisted **Garza** in the scheme by preparing and filing false and fraudulent tax returns for (1) the operating business that originally generated the business income, (2) the shell "Services" company, (3) the shell "Investments" company, and (4) the client's individual income tax return. This resulted in approximately one billion dollars in unreported income and over $200 million in loss to the United States Treasury in the form of unpaid taxes.

4. **Garza** and others unlawfully and unjustly enriched themselves through fees and other compensation earned by promoting the shelter, preparing false tax returns, and by providing advice and assistance to the clients who participated in the tax shelter.

PERSONS AND ENTITIES

5. **Garza** was a licensed attorney in the state of Texas since approximately 1969 and was the majority partner in Garza & Harris, Ltd., a law firm with a principal place of business in Dallas, Texas.

6. The Internal Revenue Service (IRS) was an agency of the U.S. Department of the Treasury responsible for administration of the internal revenue laws of the United States.

7. An IRS form 1065 is a U.S. Return of Partnership Income.

8. An IRS form 1120S is a U.S. Income Tax Return for an S Corporation.

9. An IRS form 1040 is a U.S. Individual Income Tax Return.

10. An IRS form 1040X is an Amended U.S. Individual Income Tax Return.

## THE SCHEME TO DEFRAUD

11. As part of the scheme, **Garza** and others committed the following acts:

(a) Advised wealthy clients on how to shelter large amounts of otherwise taxable income through participation in an illegal tax shelter as described more particularly herein;

(b) Directed clients to choose, up front, the amount of money to shelter from taxation;

(c) Assisted clients with the creation of a shell services company that had no legitimate business purpose other than moving client money, but purported to provide services to the client's business;

(d) Assisted clients with the creation of a shell investment company that purported to serve as a family investment vehicle;

(e) Assisted clients with the opening of bank accounts at financial institutions for the services company and the investment company that were used to disguise otherwise taxable income;

(f) Created and caused to be created documents, such as operating agreements, service agreements, and private annuity agreements, that were designed to give the appearance of legitimacy to the sham services and investment companies and to conceal the scheme from the IRS;

(g) Created and caused to be created phony invoices concerning the payment of expenses for alleged work performed by the services company when, in truth and fact, no work was performed, in order to offset the income earned by the operating company;

(h) Created and caused to be created false accounting entries in the books and records of the clients' businesses based on the phony invoices;

(i) Provided clients with nearly identical opinion letters that contained false and fraudulent representations and statements in support of the purported legality of the tax shelter;

(j) Assisted clients in obtaining canned valuation reports to justify a predetermined value for the "sale" of the shell services company, which was approximate to the amount the clients sheltered from taxes;

(k) Prepared a private annuity agreement in which clients allegedly sold their interest in the services company (which they owned) to the investment company (which they also owned) in exchange for a private annuity that provided for a series of payments to the clients;

(l) Directed clients to cycle the funds through the shell services and investment entities in furtherance of the scheme;

(m) Assisted clients in the preparation and the electronic filing or mailing of false and fraudulent tax returns, including IRS Forms 1120 and 1120S, for the clients' operating businesses, which were submitted to the IRS, and which falsely deducted fictitious business expenses for services that, in truth and fact, were not actually performed;

(n) Assisted clients in the preparation and the electronic filing and mailing of false and fraudulent tax returns, including IRS Forms 1065, for the services companies, which were submitted to the IRS, and which falsely reported gross receipts when, in truth and fact, the services companies did not perform any work to earn those receipts;

(o) Assisted clients in the preparation and the electronic filing and mailing of false and fraudulent tax returns, IRS Forms 1065, for the investment companies, which were submitted to the IRS, and which claimed a false deduction for payments by the investment company to the individual taxpayer that were purportedly for a private annuity;

(p) Assisted clients in the preparation and the electronic filing or mailing of false and fraudulent tax returns, including IRS Forms 1040 and 1040X for individual taxpayers, which were submitted to the IRS, and which underreported the individual taxpayer's income; and

(q) Charged clients a percentage of the predetermined amount of money the clients had chosen to shelter from taxes through the scheme to defraud.

<u>Counts One through Eighteen</u>
Wire Fraud
(Violation of 18 U.S.C. §§ 1343 and 2)

12. The Grand Jury realleges and incorporates by reference the allegations contained in Paragraphs 1 through 11 of this Indictment as if fully set forth herein.

13. Beginning in or about 2012 and continuing through in or about 2021, within the Northern District of Texas and elsewhere, defendant **Joseph Garza**, with intent to defraud, devised and intended to devise the aforesaid scheme and artifice to defraud the Internal Revenue Service, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, as alleged in Paragraphs 1 through 11 of this Indictment, which are incorporated as if fully set forth herein.

14. For the purpose of executing and attempting to execute the above-described scheme and artifice, defendant **Joseph Garza**, aided and abetted by others known and unknown to the Grand Jury, knowingly transmitted or caused to be transmitted by means of wire and radio communication in interstate commerce, certain writings, signs, signals, pictures and sounds, to wit:

|   |   |   |
|---|---|---|
| 1 | 12/18/17 | A check in the amount of $20,000 for payment of valuations from BBVA Compass account ending in 2020 to SouthWest Bank account ending in 1625, causing an interstate wire transmission via out-of-state financial institution servers |
| 2 | 1/9/18 | IRS Form 1065 for Client, R.F., filed electronically with the IRS containing a false statement on Line 1a |
| 3 | 2/14/18 | A wire transfer in the amount of $30,000 for payment of fees from JPMorgan Chase Bank account ending in 8720 to BBVA Compass account ending in 6173 via out-of-state financial institution servers |

| | | |
|---|---|---|
| 4 | 2/15/18 | A check in the amount of $440,000 for payment of fees from State National Bank of Big Spring account ending in 7034 to BBVA Compass account ending in 6173, causing an interstate wire transmission via out-of-state financial institution servers |
| 5 | 4/17/18 | IRS Form 1040 for Client, D.H., filed electronically with the IRS containing false statements on Lines 17 and 18 |
| 6 | 4/17/18 | IRS Form 1120S for Client, D.H., filed electronically with the IRS containing a false statement on Line 5 |
| 7 | 4/17/18 | IRS Form 1065 for Client, D.H., filed electronically with the IRS containing a false statement on Line 20 |
| 8 | 4/17/18 | IRS Form 1065 for Client, D.H., filed electronically with the IRS containing a false statement on Line 1a |
| 9 | 12/12/18 | A remote deposit in the amount of $100,000 for payment of fees from BBVA Compass account ending in 6173 to First United Bank account ending in 1612, causing an interstate wire transmission via out-of-state financial institution servers |
| 10 | 2/13/19 | A remote deposit in the amount of $120,000 for payment of fees from BBVA Compass account ending in 6173 to First United Bank account ending in 1612, causing an interstate wire transmission via out-of-state financial institution servers |
| 11 | 4/12/19 | IRS Form 1120S for Client, D.H., filed electronically with the IRS containing a false statement in Line 5 |
| 12 | 4/12/19 | IRS Form 1065 for Client, D.H., filed electronically with the IRS containing a false statement on Line 20 |
| 13 | 4/12/19 | IRS Form 1065 for Client, D.H. filed electronically with the IRS containing a false statement on Line 1a |
| 14 | 4/13/19 | IRS Form 1040 for Client, D.H., filed electronically with the IRS containing a false statement on Line 6 |
| 15 | 7/14/20 | IRS Form 1040 for Client, D.H., filed electronically with the IRS containing a false statement on Lines 7a |
| 16 | 7/14/20 | IRS Form 1120S for Client, D.H., filed electronically with the IRS containing a false statement on Line 5 |
| 17 | 7/14/20 | IRS Form 1065 for Client, D.H., filed electronically with the IRS containing a false statement on Line 20 |

| | | |
|---|---|---|
| 18 | 7/14/20 | IRS Form 1065 for Client, D.H., filed electronically with the IRS containing a false statement on Line 1a |

Each in violation of 18 U.S.C. §§ 1343 and 2.

Indictment—Page 8

<u>Count Nineteen</u>
Conspiracy to Commit Wire Fraud
(Violation of 18 U.S.C. § 1349 (18 U.S.C. § 1343))

15. The Grand Jury realleges and incorporates by reference the allegations contained in Paragraphs 1 through 11 of this Indictment as if fully set forth herein.

16. Starting in or about 2012 and continuing through in or about 2021, the exact dates being unknown to the Grand Jury, in the Northern District of Texas, and elsewhere, defendant **Joseph Garza** did unlawfully and knowingly combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to commit wire fraud, in violation of 18 U.S.C. § 1343.

### OBJECTS OF THE CONSPIRACY

17. It was an object and purpose of the conspiracy for defendant **Garza** and others to assist individual taxpayers with setting up a tax shelter to allow the taxpayers to illegally reduce taxes on a substantial amount of otherwise taxable income.

18. It was a further object and purpose of the conspiracy for defendant **Garza** and others to conceal the scheme from the IRS through the creation of false and fraudulent documents.

19. It was a further object and purpose of the conspiracy for defendants **Garza** and others to unlawfully and unjustly enrich themselves through fees and other compensation by providing advice and assistance to individual taxpayers who participated in the tax shelter.

## MANNER AND MEANS OF THE CONSPIRACY

20. The manner and means of the conspiracy to commit mail and wire fraud included the conduct of defendant **Garza** and others described in Paragraphs 1 through 11 above and Counts One through Eighteen of this Indictment.

All in violation of 18 U.S.C. § 1349 (18 U.S.C. § 1343)).

## Counts Twenty through Forty-One
### Aiding and Assisting in the Preparation and Presentation of False and Fraudulent Income Tax Returns
### (Violation of 26 U.S.C. § 7206(2))

21. The Grand Jury realleges and incorporates by reference the allegations contained in Paragraphs 1 through 11 of this Indictment as if fully set forth herein.

22. On or about the dates set forth below, within the Northern District of Texas, defendant **Joseph Garza** did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of Individual, Corporate, and Partnership Income Tax Returns for the taxpayers and calendar years set forth below, each of which was false and fraudulent as to a material matter, in that it represented that the taxpayers were entitled, under the provisions of the Internal Revenue Laws, to claim exemptions and deductions that the defendant knew the taxpayers were not entitled to claim, falsely claimed gross receipts or sales, or failed to report substantial taxable income that had been passed through a "Services" company and an "Investments" company and returned to the taxpayer disguised as payments on a private annuity:

|    |            |                              |      |       |                                   |
|----|------------|------------------------------|------|-------|-----------------------------------|
| 20 | 10/8/2017  | A.J.                         | 2016 | 1040  | Line 17 - Income from partnerships |
| 21 | 9/14/2017  | Hudson Primary Care Medical PC | 2016 | 1120S | Line 19 - Other deductions |
| 22 | 9/14/2017  | Williston Park Services LLC  | 2016 | 1065  | Line 1a - Gross receipts |
| 23 | 9/14/2017  | Williston Park LLC           | 2016 | 1065  | Line 20 - Other deductions |
| 24 | 10/13/2017 | T.P.                         | 2016 | 1040  | Line 17 - Income from partnerships |
| 25 | 9/12/2017  | Raveena Medical PC           | 2016 | 1120S | Line 19 - Other deductions |

| 26 | 9/12/2017 | Rego Park Services LLC | 2016 | 1065 | Line 1a - Gross receipts |
| 27 | 9/12/2017 | Rego Park Investments LLC | 2016 | 1065 | Line 20 - Other deductions |
| 28 | 4/17/2018 | D.H. | 2017 | 1040 | Line 17 - Income from partnerships; Line 18 - Farm Income |
| 29 | 4/17/2018 | D.H. | 2017 | 1120S | Line 5 - Other income |
| 30 | 4/17/2018 | D.H. | 2017 | 1065 | Line 20 - Other deductions |
| 31 | 4/17/2018 | D.H. | 2017 | 1065 | Line 1a - Gross receipts |
| 32 | 4/13/2019 | D.H. | 2018 | 1040 | Line 6 - Total income |
| 33 | 4/12/2019 | D.H. | 2018 | 1120S | Line 5 - Other income |
| 34 | 4/12/2019 | D.H. | 2018 | 1065 | Line 20 - Other deductions |
| 35 | 4/12/2019 | D.H. | 2018 | 1065 | Line 1a - Gross receipts |
| 36 | 7/14/2020 | D.H. | 2019 | 1040 | Line 7a - Other income from Schedule 1 |
| 37 | 7/14/2020 | D.H. | 2019 | 1120S | Line 5 - Other income |
| 38 | 7/14/2020 | D.H. | 2019 | 1065 | Line 20 - Other deductions |
| 39 | 7/14/2020 | D.H. | 2019 | 1065 | Line 1a - Gross receipts |
| 40 | 1/9/2018 | 218 Services LLC | 2016 | 1065 | Line 1a - Gross receipts |
| 41 | 10/13/2017 | D.K. | 2016 | 1040 | Line 17 - Income from partnerships |

Each in violation of 26 U.S.C. § 7206(2).

## Notice of Forfeiture
## (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

Upon conviction of the offenses charged in Counts One through Nineteen of this Indictment, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendants, **Joseph Garza**, shall forfeit to the United States any property, real or personal, which constitutes or is derived from, whether directly or indirectly, proceeds traceable to the respective offense. This property includes, but is not limited to, the following: the total proceeds derived from the offense, commonly referred to as a "money judgment."

Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), if any of the above property subject to forfeiture, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States of America to seek forfeiture of any other property of the defendant up to the value of the above described property subject to forfeiture.

A TRUE BILL

*/s/ Charles Stewart*

FOREPERSON

CHAD E. MEACHAM
UNITED STATES ATTORNEY

*/s/ R. Hunter*

RENEE M. HUNTER
Assistant United States Attorney
Texas State Bar No. 24072942
KATHERINE MILLER
Assistant United States Attorney
Texas State Bar No. 00789107
MARTY BASU
Assistant United States Attorney
Illinois State Bar No. 6302360
ROBERT A. KEMINS
Massachusetts Bar No. 267330
Trial Attorney
U.S. Dept. of Justice, Tax Division
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Facsimile: 214-659-8809
Katherine.Miller@usdoj.gov
Renee.Hunter@usdoj.gov
Marty.Basu@usdoj.gov
Robert.A.Kemins@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

JOSEPH GARZA

SEALED INDICTMENT

18 U.S.C. §§ 1343 and 2
Wire Fraud
(Counts 1 through 18)

18 U.S.C. § 1349 (18 U.S.C. § 1343)
Conspiracy to Commit Wire Fraud
(Count 19)

26 U.S.C. § 7206(2)
Aiding and Assisting in the Preparation and Presentation of
False and Fraudulent Income Tax Returns
(Counts 20 through 41)

18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)
Forfeiture

41 Counts

A true bill rendered

DALLAS                     _____ FOREPERSON

Filed in open court this _18_ day of October, 2022.

**Warrant to be Issued**

_____
UNITED STATES MAGISTRATE JUDGE
No Criminal Matter Pending