# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | |
| | § | CRIMINAL ACTION NO. 3:22-CR-0390-S |
| JOSEPH B. GARZA (1) | § | |
| KEVIN MCDONNELL (2) | § | |
| JAMES RICHARDSON (3) | § | |
| CRAIG FENTON (4) | § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendants Joseph Garza, Kevin McDonnell, James Richardson, and Craig Fenton's Motion to Dismiss Counts of Indictment ("Motion") [ECF No. 100]. The Court has reviewed the Motion, the Government's Response to the Motion ("Response") [ECF No. 114], Defendants' Reply Brief ("Reply") [ECF No. 115], the Superseding Indictment [ECF No. 16], and the applicable law. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

## I. BACKGROUND

Defendants were named in the 47-count Superseding Indictment, charging Defendant Joseph Garza with Wire Fraud in violation of 18 U.S.C. §§ 1343, 2 (Counts One through Eighteen) and charging all Defendants with Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. §§ 1349, 1343 (Count Nineteen), Aiding and Assisting in the Preparation and Presentation of False and Fraudulent Income Tax Returns in violation of 26 U.S.C. § 7206(2) (Counts Twenty through Forty-Six) ("Tax Fraud Counts"), and Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371 (Count Forty-Seven). *See* Superseding Indictment.

Counts One through Nineteen ("Wire Fraud Counts") of the Superseding Indictment are based on the use of wires in furtherance of a scheme to sell a "fraudulent tax shelter plan to clients."

Resp. 6; *see* Superseding Indictment ¶ 18. The wires underlying the substantive Wire Fraud Counts, Counts One through Eighteen, consist of wires for "payment of valuations" and "payment of fees" from clients, as well as the electronic filing of allegedly false tax returns. Superseding Indictment ¶ 18. Count Nineteen, the conspiracy to commit wire fraud count, is based on Defendants conspiring to commit the substantive wire fraud counts. *See id.* ¶¶ 20, 24. The Tax Fraud Counts are based on approximately 25 false tax returns. *See id.* ¶ 26.

Defendants move to dismiss the Wire Fraud Counts under Federal Rule of Criminal Procedure 12 on the grounds that: (1) the Wire Fraud Counts function as an end-run around the willfulness mens rea requirement for tax fraud in violation of the Fifth Amendment's Due Process Clause; (2) 26 U.S.C. § 7206(2) ("Tax Fraud Statute") preempts the application of 18 U.S.C. § 1343 ("Wire Fraud Statute") "when both rest on the same alleged scheme"; and (3) the Wire Fraud Statute, interpreted according to its text and constitutional footing, does not extend to tax fraud against the federal government and cannot be used to prosecute tax conduct.[1] Mot. i-ii.

## II. LEGAL STANDARD

"A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CRIM. P. 12(b)(1). When considering a motion under Rule 12(b)(1), the Court is required to "take the allegations of the indictment as true and to determine whether an offense has been stated." *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004) (citation omitted). "The propriety of granting a motion to dismiss an indictment . . . by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact[.]" *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011) (citation omitted).

---

[1] Defendants also asserted a fourth ground for dismissal in the Motion. However, Defendants later withdrew this argument. *See* Reply 9.

### III. ANALYSIS

#### A. Due Process

Defendants first argue that this case is a tax fraud case and thus that the Government should not "also charge nineteen [W]ire [F]raud [C]ounts for the same conduct that purportedly supports the [T]ax [F]raud [C]ounts." Mot. i. According to Defendants, the Wire Fraud Counts—which only require intent to defraud—function as an end-run around the higher willfulness mens rea standard of the Tax Fraud Statute in violation of the Due Process Clause. *See* Mot. 2-4. Defendants' due process argument presents a legal issue of first impression. The Fifth Circuit has never ruled on the Government's ability to prosecute tax conduct, such as the filing of tax returns, under the Wire Fraud Statute.

Due process "expresses the requirement of fundamental fairness." *Lassiter v. Dep't of Soc. Servs. of Durham Cnty., N. C.*, 452 U.S. 18, 24 (1981) (internal quotation marks omitted). It is not a fixed doctrine. *See Rochin v. California*, 342 U.S. 165, 172 (1952) (describing due process as "reconciling the needs both of continuity and of change in a progressive society"). The "Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970).

In this case, the Government's prosecution of the same tax conduct under both the Tax Fraud Statute and Wire Fraud Statute violates the Due Process Clause by enabling the Government to avoid proving every fact necessary to constitute tax fraud. The Tax Fraud Statute states that "[a]ny person who . . . [w]illfully aids or assists in . . . the preparation or presentation . . . of a return . . . which is fraudulent or is false as to any material matter . . . shall be guilty of a felony." 26 U.S.C. § 7206(2). The willfulness standard of the Tax Fraud Statute is "[t]he strictest level of interpretation of criminal willfulness" and "requires that the defendant knew the terms of the

statute and that he was violating the statute." *United States v. Kay*, 513 F.3d 432, 448 (5th Cir. 2007). Courts have reserved this heightened mens rea requirement for "statutory violations involving 'complex' statutes," including "those governing federal tax law." *Id.*; *see also Cheek v. United States*, 498 U.S. 192, 201 (1991) (requiring the Government to prove a "voluntary, intentional violation of a known legal duty" to convict a defendant of tax fraud (citation omitted)). Wire fraud, by contrast, requires only the lower "intent to defraud" standard. *United States v. Scully*, 951 F.3d 656, 671 (5th Cir. 2020) (citation omitted). Contrary to the willfulness standard, the intent to defraud standard does not require knowledge of the law. *See United States v. Brooks*, 681 F.3d 678, 700-01 (5th Cir. 2012) (holding that a district court's response to a jury note stating that "ignorance of the law is no excuse" was "an accurate statement of the *mens rea* required to convict for conspiracy to commit wire fraud").

Here, thirteen of the Wire Fraud Counts are based on Garza electronically filing clients' tax returns (Counts Two, Five through Eight, and Eleven through Eighteen). *See* Superseding Indictment ¶ 18. Twelve out of these thirteen tax returns also support twelve of the Tax Fraud Counts (Counts Twenty-Eight through Thirty-Nine). *See id.* ¶¶ 18, 26. False tax returns are certainly within the ambit of the Tax Fraud Statute. *See* 26 U.S.C. § 7206. And almost all of the tax returns that support the Wire Fraud Counts are, in fact, being prosecuted under the Tax Fraud Statute, as evidenced by the Tax Fraud Counts.

Because the tax returns that support the thirteen Wire Fraud Counts constitute tax conduct that should be, and is being, prosecuted under the Tax Fraud Statute, the Government must prove every element under the Tax Fraud Statute beyond a reasonable doubt to convict Defendants on the basis of those tax returns. *See In re Winship*, 397 U.S. at 364. One of those elements is the willfulness mens rea. Charging the tax returns under the Wire Fraud Statute allows the Government

to ease its burden of proof on the willfulness mens rea element of the Tax Fraud Statute by having the alternative option of a possible conviction under the lesser intent to defraud standard of the Wire Fraud Statute. The Supreme Court has held that a jury instruction that had the effect of "relieving the State of the burden of proof enunciated in *Winship* on the critical question of [a defendant's] state of mind" violated due process. *Sandstrom v. Montana*, 442 U.S. 510, 521 (1979). Here, the Government's escape of the requirements of the Tax Fraud Statute violates due process, especially considering that criminal tax offenses receive "special treatment" because of the "complexity of the tax laws," *Cheek*, 498 U.S. at 200, and that the Tax Fraud Statute's willfulness mens rea standard is the strictest standard of intent, *see Kay*, 513 F.3d at 448.[2]

As the Government points out, where conduct may be prosecuted under multiple statutes, the choice of which crime to charge is within its prosecutorial discretion. *See* Resp. 9. However, this discretion is "subject to constitutional constraints." *United States v. Batchelder*, 442 U.S. 114, 125 (1979). Where a prosecutor's selection violates due process, the exercise of that discretion must be limited. *See Bordenkircher v. Hayes*, 434 U.S. 357, 365 (1978).

The Court's conclusion is bolstered by the fact that the "wire" component of the thirteen Wire Fraud Counts involving tax returns was compulsory. Defendants were required by law to file the tax returns electronically. *See* Mot. 5; 26 U.S.C. § 6011(e)(3) (requiring tax return preparers who file more than ten tax returns in a year to file on magnetic media, i.e., electronically). Thus, the Wire Fraud Counts that are based on tax returns do not indicate any culpability independent of the Tax Fraud Counts.

---

[2] Additionally, the Court notes that dismissing the Wire Fraud Counts involving tax returns will reduce juror confusion, as the jury will not be instructed on two different standards of intent for the same tax returns.

The Court does not extend this holding to the other five substantive Wire Fraud Counts (Counts One, Three, Four, Nine, and Ten) or to the conspiracy count (Count Nineteen), to the extent it is based on the five surviving substantive Wire Fraud Counts. Counts One, Three, Four, Nine, and Ten are based on wires for "payment of valuations" and "payment of fees," Superseding Indictment ¶ 18, which were related to Defendants "promot[ing] their fraudulent tax shelter to clients promising income tax savings" and "charging clients a percentage of the tax savings," Resp. 8. While the wires underlying these counts are related to the tax shelter scheme articulated in paragraphs 1-15 of the Superseding Indictment, the Government did not separately charge them as tax fraud, and the Court will not speculate as to whether the Government should or could have brought charges for those wires under the Tax Fraud Statute. Because wires for "payment of valuations" and "payment of fees," Superseding Indictment ¶ 18, do not clearly constitute tax conduct that should be prosecuted under the Tax Fraud Statute, the Government need not prove the willfulness standard of intent to secure a conviction on those counts. Accordingly, the remaining five substantive Wire Fraud Counts do not violate due process. Finally, Count Nineteen charges Conspiracy to Commit Wire Fraud, which survives to the extent that it is based on conduct charged in Counts One, Three, Four, Nine, and Ten.[3]

In sum, the Court holds that, in this case, the prosecution of false tax returns, almost all of which are also being prosecuted under the Tax Fraud Statute, under the Wire Fraud Statute violates Defendants' due process rights. The prosecution of other conduct involving the wires that is merely

---

[3] Conspiracy to commit wire fraud requires the same standard of intent as wire fraud. *See United States v. Feola*, 420 U.S. 671, 686-93 (1975) (stating that conspiracy does not require anything more than the degree of criminal intent necessary for the substantive offense). Thus, a conspiracy to commit wire fraud that is based on false tax returns presents the same due process concerns that apply to the substantive offense of wire fraud, and the Government should not be allowed to rely on false tax returns to convict Defendants of conspiracy to commit wire fraud.

related to a tax fraud scheme does not constitute a similar violation. As such, the Court will dismiss Counts Two, Five through Eight, and Eleven through Eighteen.

### B. Specific-vs-General Canon of Statutory Interpretation

Next, Defendants seek to preempt the application of the Wire Fraud Statute to tax conduct under the specific-vs-general canon of interpretation. Mot. 8-16. The specific-vs-general canon of statutory interpretation is applied "to statutes in which a general permission or prohibition is contradicted by a specific prohibition or permission" or to avoid "the superfluity of a specific provision that is swallowed by the general one." *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645 (2012). This principle of statutory construction is particularly relevant when two statutes are "interrelated and closely positioned," *HCSC-Laundry v. United States*, 450 U.S. 1, 6 (1981); *see also RadLAX Gateway Hotel, LLC*, 566 U.S. at 645-47 (finding that the structure of a statutory provision indicated that the specific-vs-general principle should be applied to two neighboring clauses within the provision so as to not render one of the clauses superfluous), or where the legislative history indicates a "congressional intent to repeal," *Morton v. Mancari*, 417 U.S. 535, 550 (1974); *see also United States v. Noveck*, 273 U.S. 202, 206-07 (1927) (holding that there was nothing in the legislative history of the tax evasion statute that revealed a congressional intent to repeal the perjury statute).

The Court finds that the permissions and prohibitions of the Wire Fraud Statute are not contradicted by the Tax Fraud Statute. Further, the two statutes are not interrelated or closely positioned, as they are parts of distinct statutory schemes. And the parties have not identified anything in the legislative history of the Tax Fraud Statute that indicates a congressional intent to impliedly repeal the Wire Fraud Statute. Thus, the Court finds that the specific-vs-general canon of interpretation does not apply to the Tax Fraud Statute and the Wire Fraud Statute. Accordingly,

the Wire Fraud Statute is not preempted by the Tax Fraud Statute. *See Posadas v. Nat'l City Bank of N.Y.*, 296 U.S. 497, 503 (1936) (stating that it is a "cardinal rule" that "repeals by implication are not favored").

### C. Original Textualism and the Commerce Clause

Finally, Defendants make two sub-arguments under their third ground for relief: (1) an original textual argument that the Wire Fraud Statute does not extend to tax fraud against the federal government and (2) a constitutional argument that the Commerce Clause does not authorize the prosecution of tax conduct under the Wire Fraud Statute.

Turning first to their original textual argument, Defendants argue that the Wire Fraud Statute incorporates the common law meaning of "to defraud," which "would have been understood to require as its object a 'person' or 'another,'" and the term "person" does not include the federal government. Mot. 16-17; *see Return Mail, Inc. v. U.S. Postal Serv.*, 587 U.S. 618, 626 (2019) ("In the absence of an express statutory definition, the Court applies a longstanding interpretive presumption that 'person' does not include the sovereign[.]" (cleaned up)). However, the term "scheme or artifice to defraud," as used in the Wire Fraud Statute, is defined in 18 U.S.C. § 1346 to include "a scheme or artifice to deprive another of the intangible right of honest services." The term "another" in 18 U.S.C. § 1346 encompasses the federal government, as evidenced by the Government's prosecution of honest services fraud against the federal government. *See Skilling v. United States*, 561 U.S. 358, 412, 413 n.45 (2010) (recognizing that 18 U.S.C. § 1346 draws from and overlaps with federal statutes, such as 18 U.S.C. § 201(b), which prohibits bribery of federal public officials); *United States v. Brumley*, 116 F.3d 728, 731 (5th Cir. 1997) (stating that "a governmental entity qualifies as 'another' within the meaning of § 1346").

8

Accordingly, the Court finds that the Wire Fraud Statute reaches fraud against the federal government.

Moving to their constitutional argument, Defendants argue that the Commerce Clause does not authorize the prosecution of tax conduct under the Wire Fraud Statute because, "[i]f the Commerce Clause cannot compel individuals to enter into commerce, it cannot serve as an alternative vehicle for prosecuting compulsory obligations owed to the sovereign under the taxing power." Mot. 21 However, the Wire Fraud Statute "regulate[s] existing commercial activity," which is appropriate under the law. *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 552 (2012). Accordingly, the instant prosecution under the Wire Fraud Statute is proper.

### IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss Counts of Indictment [ECF No. 100]. The Court **GRANTS** the Motion as to Counts Two, Five through Eight, and Eleven through Eighteen of the Superseding Indictment. The Court **DENIES** the Motion as to Counts One, Three, Four, Nine, Ten, and Nineteen of the Superseding Indictment. Accordingly, Counts Two, Five through Eight, and Eleven through Eighteen of the Superseding Indictment are **DISMISSED**.

**SO ORDERED.**

SIGNED May 6, 2026.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**